IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>REGINA ALLINE ALLISON,<br>[DOB: 09/25/1969]<br><br>        Defendant. | No. 17-03018-01-CR-S-BP<br><br>**COUNT 1**<br>18 U.S.C. § 1341<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br>Mandatory Restitution<br><br>**COUNT 2**<br>26 U.S.C. § 7206(1)<br>NMT 3 Years Imprisonment<br>NMT $100,000 Fine<br>NMT 1 Year Supervised Release<br>Class E Felony<br>Mandatory Restitution<br><br>**FORFEITURE ALLEGATION:**<br>18 U.S.C. § 981(a)(1)(C)<br><br>$100 Mandatory Special Assessment (each count) |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this Information:

### Introduction

1. Beginning in 2003, and until approximately November 2015, the defendant, **REGINA ALLINE ALLISON**, was employed by Allison Tire Company, Inc. ("Allison Tire") and Allison Oil and Auto Supply ("Allison Oil"). Each business was located in Cedar County, Missouri, a location in the Western District of Missouri. The defendant worked as a bookkeeper,

1

responsible for receiving and paying bills, filing invoices, accounting, preparing quarterly tax forms and sales tax reports, and providing payroll.

2. As part of her employment, the defendant was responsible for preparing paper checks for payment of invoices that were submitted to the companies for services rendered or products sold. The defendant prepared company checks for payment and presented each check to one of the three authorized signors of the companies' checking accounts for signature. The defendant was not an authorized signor on either of the bank accounts for Allison Tire or Allison Oil.

3. Allison Tire and Allison Oil were owned by Karl Allison, of El Dorado Springs, Missouri. The companies provided auto service and sold auto parts.

### The Scheme

4. Beginning in November 2011, the defendant opened a checking account with US Bank at a branch office in Bolivar, Missouri, a location within the Western District of Missouri. The checking account was set-up as a business checking account, with the account name of "Champion." The defendant stated to US Bank that Champion was a sole proprietorship and operated as a retail storefront. The account listed the defendant's name and her personal address in El Dorado Springs, Missouri, a location within the Western District of Missouri. Champion did not, at any time, create any products or provide any services or resources to any person or entity.

5. Starting in December 2011, and continuing until November 2015, said dates being approximate, the defendant utilized her position at Allison Tire and Allison Oil to, without authorization, write numerous company checks to Champion for services and products that were never provided to either Allison company.

2

6. On numerous occasions, the defendant wrote a check on the account of Allison Tire or Allison Oil to Champion and forged one of the signatures of the authorized signors. The defendant then wrote the name of a different company that legitimately had provided some service or product to Allison Tire or Allison Oil on the company-maintained check stub associated with such check. The defendant then endorsed the check for deposit only and sent the check, along with a completed deposit slip, to US Bank via the mail through the United States Postal Service, for the purpose of depositing the check proceeds into her US Bank account. When the defendant received a bank statement from the associated checking account of Allison Tire or Allison Oil and the statement reflected the transaction of the specific forged check, the defendant whited out the name "Champion" on the associated entry in the statement and wrote the name of the legitimate company she had written on the check stub.

7. In April 2013, the defendant opened a checking account with Arvest Bank at a branch office in Nevada, Missouri, a location within the Western District of Missouri. The checking account was set-up under the name of the defendant and the statements were made out to the defendant, as well as to "Ebay Acct Friend." The account listed the defendant's personal address in El Dorado Springs. The entity described as "Friend" did not, at any time, create any products or provide any services or resources to any person or entity.

8. Starting in April 2013, and continuing until November 13, 2015, said dates being approximate, the defendant utilized her position at Allison Tire and Allison Oil to, without authorization, write numerous company checks to Friend for services and products that were never provided to either Allison company.

9. On numerous occasions, the defendant wrote a check on the account of Allison Tire or Allison Oil to Friend and forged one of the signatures of the authorized signors. The defendant

3

then wrote the name of a different company that legitimately had provided some service or product to Allison Tire or Allison Oil on the company-maintained check stub associated with such check. The defendant then endorsed the check for deposit only and sent the check, along with a completed deposit slip, to Arvest Bank via the United States Postal Service mail, for the purpose of depositing the check proceeds into her Arvest Bank account. When the defendant received a bank statement from the associated checking account of Allison Tire or Allison Oil and the statement reflected the transaction of the specific forged check, the defendant whited out the name "Friend" on the associated entry in the statement and wrote the name of the legitimate company she had written on the check stub.

10. At various times, from at least as early as November 30, 2011, and continuing until November 13, 2015, said dates being approximate, the defendant knowingly devised and executed a scheme and artifice to defraud Allison Tire and Allison Oil, and to obtain money from each company by means of false and fraudulent pretenses, representations and promises that the defendant's fictitious businesses had provided products or services to Allison Tire or Allison Oil.

11. On numerous occasions, over the span of nearly four years, the defendant caused the creation, forgery, and mailing of checks that resulted in the transfer of monies from the bank accounts of Allison Tire and Allison Oil to the defendant's bank accounts, based on fictitious and fraudulent accounting entries that misrepresented services or products provided to Allison Tire and Allison Oil. Allison Tire and Allison Oil collectively paid the defendant an amount not less than $380,134.91 for the products and services that in truth and fact were never delivered or provided.

4

Case 6:17-cr-03018-BP   Document 3   Filed 01/20/17   Page 4 of 7

## Introduction of Count 1

12. The allegations of paragraphs 1 through 11 of this Information are hereby re-alleged and incorporated by reference as if set forth in full in the count below:

13. From on or between November 30, 2011, and continuing until November 13, 2015, said dates being approximate, in the Western District of Missouri, and elsewhere, the defendant, **REGINA ALLINE ALLISON**, with the intent to defraud, devised the aforementioned scheme and artifice to defraud Allison Tire Company, Inc. and Allison Oil and Auto Supply, and obtain money and property by means of false and fraudulent pretenses, representations and promises.

## COUNT 1

14. On or between October 7, 2015, and October 26, 2015, said dates being approximate, in Cedar County, in the Western District of Missouri, and elsewhere, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive Allison Tire Company, Inc. and Allison Oil and Auto Supply, and to obtain money by means of false and fraudulent pretenses, representations and promises, the defendant, **REGINA ALLINE ALLISON**, did knowingly place in an authorized depository for mail matter, for delivery by mail via the United States Postal Service, the following matter: A check, numbered 13533, in the amount of $2,419.16, drawn on the account of Allison Tire Company, Inc., held at Community Bank of El Dorado Springs, Missouri, for payment of products and services provided by Friend, when in truth and fact, no products or services were provided by Friend or the defendant, in violation of Title 18, United States Code, Section 1341.

## COUNT 2

15. On or about April 14, 2015, said date being approximate, in Cedar County, in the Western District of Missouri, and elsewhere, the defendant, **REGINA ALLINE ALLISON**, did

5

Case 6:17-cr-03018-BP   Document 3   Filed 01/20/17   Page 5 of 7

willfully make and cause to be made, and subscribe a United States Individual Tax Return, Form 1040, for the year 2014, which contained a written declaration that said declaration was made under the penalties of perjury and was filed with the Director of the Internal Revenue Service Center in Kansas City, Missouri, which said tax return the defendant knew to be untrue and incorrect as to a material matter, in that the defendant failed to report approximately $102,860 in income received through the mail fraud scheme described in Count 1 of the Information, during the year 2014, in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

16. The United States Attorney re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 and Counts 1 and 2 in this Information for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 1341, 1956(c)(7), 1961(1), and Title 28, United States Code, Section 2461(c).

17. As a result of the offenses alleged in Counts 1 and 2 of this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C), the defendant, **REGINA ALLINE ALLISON**, shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds traceable to the offenses, directly or indirectly, as a result of the violations of law, including but not limited to:

### Money Judgment

18. Not less than approximately $380,134.91, in United States currency, and all interest and proceeds traceable thereto, and a money judgment therefore, representing the proceeds obtained by **REGINA ALLINE ALLISON** in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offenses set forth in Counts 1 and 2.

6

Case 6:17-cr-03018-BP   Document 3   Filed 01/20/17   Page 6 of 7

### Substitute Assets

19. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; and/or

   e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of **REGINA ALLINE ALLISON** not less than the value of the property described in paragraph 18 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

_____
CASEY CLARK
Assistant United States Attorney

DATED:  January 20, 2017
        Springfield, Missouri